UNITED STATES of America, Appellee,

v.

Steven WASHINGTON, Appellant.

No. 428, Docket 78–1254.

United States Court of Appeals,
Second Circuit.

Argued Dec. 5, 1978.

Decided Feb. 20, 1979.

Peter J. Fabricant, Brooklyn, N. Y., for appellant.

Shira A. Scheindlin, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., E. D. N. Y. Harvey M. Stone, Asst. U. S. Atty., Brooklyn, N. Y. of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Appellant was arrested on March 17, 1978, after he and a companion, a suspected bank robber, attempted to elude federal officers in a high-speed automobile chase through the Borough of Queens in New York City. When the car in which appellant was a passenger was forced to stop by a truck that was blocking the street, appellant emerged from the vehicle as if to surrender, then suddenly bolted into the crowd that had gathered. The officers gave chase and cornered appellant in an alley. When he brandished a gun at the approaching officers, he was shot.

Appellant subsequently was charged in a two-count indictment with one count of assaulting federal officers, 18 U.S.C. §§ 111, 1114, and one count of possession of a deadly weapon by a convicted felon, 18 U.S.C. App. § 1202(a)(1). After a jury convicted him on both counts, he was sentenced to eight years imprisonment on the first and given a suspended two-year sentence on the second.

■ To establish the elements of the section 1202(a)(1) offense, the Government introduced a stipulation between the parties that appellant had been convicted of a prior felony.[1] After referring to the prior conviction in his charge,[2] the district judge refused defense counsel's request to instruct the jury that the conviction could not be considered as evidence of a general propensity to commit crimes but could be considered only to establish the prior felony element of count two of the indictment.[3] This was error.

■ Where evidence is admissible for one purpose but is inadmissible for another, the trial judge should, when requested, instruct the jury as to the limited purpose for which the evidence may be considered. Fed.R.Ev. 105. This circuit has consistently held that evidence of prior criminal conduct which is admissible for a limited purpose must, where the defendant requests, be accompanied by a limiting instruction. *See, e. g., United States v. Benedetto,* 571 F.2d 1246, 1250 n.9 (2d Cir. 1978); *United States v. Chestnut,* 533 F.2d 40, 49–50 (2d Cir.), *cert. denied,* 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 93 (1976); *United States v. Gerry,* 515 F.2d 130, 141 (2d Cir.), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

■ Although the nature of appellant's prior felony was not revealed to the jury, we believe that the revelation that appellant previously had been convicted of a felony was sufficient to entitle him to the limiting instruction he requested.

Although there was substantial evidence of appellant's guilt, we cannot say it is highly probable that the failure to give a limiting instruction did not contribute to the verdict. *See United States v. Corey,* 566 F.2d 429, 432 (2d Cir. 1977). Accordingly, we reverse and remand for a new trial.

Reversed.

**1.** The stipulation, which was read to the jury, provided as follows:

It is hereby stipulated and agreed by and between counsel for the United States of America by Assistant United States Attorney Shira A. Scheindlin and counsel for the defendant Steven Washington by Peter Fabricant, that the defendant Steven Washington had been convicted of a felony in the State of New York prior to March 17, 1978.

**2.** The court's instruction to the jury was, in pertinent part, as follows:

The offense charged in count two of the indictment has three essential elements.

First, that the defendant was convicted of a felony under the laws of the United States.

A stipulation conceding conviction of a felony has been received in evidence between the parties. I instruct you that the crime for which the defendant was convicted is a felony under the laws of the State of New York.

**3.** The defense rested without calling any witnesses.