**UNITED STATES**

v.

**Senior Airman James R. BORLAND, FR 315–70–0333 United States Air Force.**

**ACM S25309.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 May 1981.

Decided 17 Dec. 1981.

---

856

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Sidney L. Weiser.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongfully using marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] He was sentenced to a bad conduct discharge, three months confinement at hard labor, forfeiture of $200.00 per month for three months, and reduction to airman basic.

Appellate defense counsel have asserted ten assignments of error. Except as discussed below, we resolve these assignments adversely to the accused.

---

1. He was acquitted of an additional allegation of wrongful use of marihuana.

2. The analysis explains that Rule 404(b) is substantially similar to the Manual for Courts-Martial, 1969 (Rev.) rule in paragraph 138g. That Manual provision permits evidence to show the

## I

The evidence established that at various times during November 1980, the accused, along with Senior Airman Hall and Airman Reed, used hashish on Lindsay Air Station. Airman First Class Atnip was also present during one incident, and while he did not see the accused use hashish, he did see him pass a can containing burning hashish to Hall and Reed. Hall and Reed have long histories of drug abuse and both had military convictions for their involvement. Approximately two months before the trial, the accused suggested to Reed that he (Reed) testify that he did not remember the accused smoking hashish.

The accused categorically denied ever using illegal drugs at any time and specifically denied using marihuana with Hall and Reed during November 1980. He further denied ever approaching Hall with a suggestion that Hall not reveal the accused's use of hashish. Additionally, the accused offered extensive evidence as to his reputation for truthfulness and the reputation for untruthfulness of the Government's witnesses. In rebuttal Hall related how the accused approached him about falsifying his expected testimony.

## II

Initially, we are asked to decide if the military judge erred in allowing the Government to establish, on the merits, that the accused approached Airman Reed and solicited him to give false testimony. The Government urges that such evidence was admissible to show consciousness of guilt under Mil.R.Evid. 404(b).[2] Appellate defense counsel counters, citing Mil.R.Evid. 403, that the testimony should have been excluded as its probative value was far outweighed by the danger of unfair preju-

accused's consciousness of guilt of the offense charged. Rule 404(b) provides examples rather than a list of justifications for admission of evidence of other misconduct. Other justifications, such as evidence of accused's consciousness of guilt, remain viable.

dice to the accused. The interplay of these two rules merit discussion.

 Admitting evidence tending to show the accused's consciousness of guilt is an accepted principle of military jurisprudence. *United States v. Hurt*, 9 U.S.C.M.A. 735, 27 C.M.R. 3 (C.M.A.1958). As Judge Latimer observed in *United States v. Dammerich*, 9 U.S.C.M.A. 439, 26 C.M.R. 219 (C.M.A.1958) ". . . [importuning a witness] not to testify bespeaks a guilty mind." However, balancing the probative value of such evidence against its prejudicial effect is a task for the trial judge, and unless there is a showing of abuse, his discretion will not be overturned. *See, United States v. Albergo*, 539 F.2d 860 (2d Cir. 1976); *United States v. Fench*, 470 F.2d 1234 (C.A. D.C.1972). Suggesting to a witness that it would not be perjury if he chose not to remember who was using hashish certainly ". . . bespeaks a guilty mind." Such evidence is admissible if it tends to make the commission of the crime charged more probable than it would be without such evidence. *United States v. Fairchild*, 526 F.2d 185 (7th Cir. 1975). Accordingly, the military judge did not err in admitting Reed's testimony, and he specifically instructed the Court as to its limited purpose.

 The defense also complains that Hall should not have been allowed to testify, in rebuttal, that the accused wanted him to testify falsely. We reject the Government contention that such testimony is evidence of a prior inconsistent statement and thus admissible under Mil.R.Evid. 613. However, we find that no prejudice resulted since Hall's testimony was admissible as rebuttal evidence tending to show consciousness of guilt under Mil.R.Evid. 404(b). The military judge properly balanced the need to use the evidence against the risk of undue harm to the accused. *Fairchild, supra; See United States v. Dawkins*, 2 M.J. 898 (A.C.M.R.1976).

The accused also maintains that Hall's testimony contains references to uncharged misconduct, *i.e.*, a prior court-martial, unspecified drug involvement and threats to potential witnesses. The reference to a prior trial was innocuous and was in response to a question raised by the defense during cross-examination. Likewise, the unspecified drug involvement became material through the defense's cross-examination of Hall. Again we are convinced that the alleged threats to potential witnesses were admissible under Mil.R.Evid. 404(b) as evidence of the accused's consciousness of guilt, and the military judge applied the proper balancing test.

 The trial defense counsel did not ask the military judge to restrict the evidence to its proper scope and to instruct the members accordingly. Since no limiting instruction was requested, none was required. Mil.R.Evid. 105; *United States v. Washington*, 592 F.2d 680 (2d Cir. 1979) and cases cited therein.

### III

 The defense also maintains the evidence is insufficient to support a conviction for drug use. They bottom this assertion on the fact that the testimony of Reed, Hall and Atnip, all accomplices of the accused, was uncorroborated. In the military a conviction can be based on the uncorroborated testimony of an accomplice, if the testimony is not self-contradictory, uncertain or improbable. Manual for Courts-Martial, 1969 (Rev.) paragraph 74*a*(2); *United States v. Scales*, 10 U.S.C.M.A. 326, 27 C.M.R. 400 (C.M.A.1959) and *United States v. Helton*, 10 M.J. 820, 821 (A.F.C.M.R.1981). The court was so instructed by the military judge. Additionally, the court was specifically told an accomplice's testimony is of questionable integrity and should be considered with great caution. There were minor contradictions in the testimony of Government witnesses which were explained. Like the court members, we also find the testimony of Reed, Hall and Atnip to be uncontradicted, certain and probable. Weighing all the evidence and giving proper consideration to those who saw and heard the witnesses, we find the evidence establishes the accused's guilt beyond a reasonable doubt. Article 66(c), *Code*, 10 U.S.C. § 866(c), *supra*.

The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.