UNITED STATES, Appellee,

v.

Private (E–1) Freddie M. WILLIAMS, SSN 259–13–1258, United States Army, Appellant.

CM 442741.

U.S. Army Court of Military Review.

21 Oct. 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Captain Frank J. DiGiammarino, JAGC, and Captain Joel R. Maillie, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

Contrary to his pleas, appellant was convicted of robbing another soldier at Fort Benning, Georgia, in conjunction with a civilian, Ronnie Williams (no kin), and attempting to escape from custody, in violation of Articles 122 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 880 (1976), respectively. His approved sentence provides for confinement at hard labor for eleven years, total forfeitures, and a dishonorable discharge.

The victim testified that appellant was the primary actor in the robbery. In contrast, appellant testified that, even though he and Ronnie were together at the time of the robbery, Ronnie committed the robbery alone; that he did not know Ronnie was going to rob the victim; and that the victim had confused him with Ronnie.

In its case-in-chief, the Government introduced testimony from a Specialist Skirven that appellant and the same Ronnie Williams had attempted to rob him and another soldier about twenty months earlier at Fort Benning under circumstances very similar to the offense *sub judice,* and that appellant, not Ronnie, was the primary actor in the commission of the earlier offense.[1] This evidence was admitted for the limited purpose of its tendency to show the plan or design of appellant and to identify him as the active perpetrator of the latter robbery. The appellant claims the military judge erred by admitting this testimony. We disagree.

 Although evidence of uncharged acts of misconduct may not be admitted to prove one's character in order to show that he acted in conformity therewith, it may be admitted for other purposes, e.g., proof of plan, design, or identity. Mil.R.Evid. 404(b). Military Rule of Evidence 403 qualifies the admissibility of such evidence, however, and mandates its exclusion if its probative value is substantially outweighed by the danger of unfair prejudice. *United States v. Borland,* 12 M.J. 855 (A.F.C.M.R. 1981); *United States v. Dawkins,* 2 M.J. 898, 900 (A.C.M.R.1976).

In *United States v. Janis,* 1 M.J. 395 (C.M.A.1976), the Court of Military Appeals discussed the issue of the admissibility of evidence of uncharged misconduct.[2] Janis was charged with the unpremeditated murder of his three-month-old son Steven, an apparent victim of child-abuse. At trial, the military judge admitted a statement by Janis in which he acknowledged responsibility not only for Steven's death, but also for the death of his eleven-month-old son Edward, who had died three years earlier under circumstances somewhat similar to those of Steven's death. The Court ruled that Janis' statement regarding the circumstances surrounding the death of Edward was relevant to determining his intent regarding the charged homicide of Steven. The Court also held that, in addition to relevance, there are three criteria which must be satisfied before evidence of uncharged misconduct is admissible: first, there must be a nexus in time, place, and circumstances between the offense charged and the uncharged misconduct; second, evidence of the uncharged misconduct must be plain, clear, and conclusive; and third, the probative value of the evidence must outweigh its potential unfair prejudicial impact. *Id.* at 397.

 The decision as to whether to admit evidence of uncharged misconduct lies within the sound discretion of the military

---

1. As a result of this incident, appellant was tried by a general court-martial at Fort Benning for attempted robbery and kidnapping, found guilty, and sentenced to confinement at hard labor for twenty-one months, forfeiture of $250.00 for twenty-one months, and a bad-conduct discharge. He was on parole from the Disciplinary Barracks, Fort Leavenworth, Kansas, when the offenses resulting in this trial occurred.

2. Although *Janis* was decided before the Military Rules of Evidence were promulgated, the replacement of paragraph 138*g* of the Manual for Courts-Martial, United States, 1969 (Revised edition), by Rule 404(b) made no substantial change in the law. *United States v. Stokes,* 12 M.J. 229, 238 n. 8 (C.M.A.1982); *United States v. Hancock,* 14 M.J. 998 (A.C.M.R.1982).

judge and will not be overturned unless there has been a clear abuse of that discretion. *United States v. Clark,* 15 M.J. 974 (A.C.M.R.1983); *United States v. Borland, supra.* We hold in the instant case that there was no such abuse of discretion. The circumstances surrounding the first robbery are relevant and probative to establishing the appellant's identity, plan, and design regarding the charged robbery. The nexus in time, place, and circumstances between the uncharged misconduct and the offense charged is unassailable. The twenty-month lapse between the two incidents is explained by appellant's residence in jail most of that time. The plain, clear, and conclusive evidence of the uncharged misconduct was provided by the direct testimony of one of the victims. Nor was there any "unfair prejudice" within the meaning of Military Rule of Evidence 403. It is generally thought that evidence is "unfairly prejudicial" when it is apt to be used for something other than its logical, probative force, e.g., when court members might dramatically overestimate its value, be confused as to its meaning, or emotionally react to it. *United States v. Clark,* 15 M.J. at 977; S. Saltzburg, L. Schinasi & D. Schlueter, *Military Rules of Evidence Manual* 177 (1981). This is not the case here. The military judge struck a proper balance between the unfair prejudice the law wishes to avoid and the probative value the law requires when he admitted the testimony of Specialist Skirven. Accordingly, we find the assignment of error without merit.

■ Appellant also contends the evidence is insufficient to prove that he attempted to escape from custody. We agree. After the robbery the military police stopped a car driven by Ronnie and in which appellant was a passenger. The police asked Ronnie for some identification and Ronnie attempted to put the car into gear and accelerate the motor. His getaway was thwarted by the quick action of a military policeman who turned off the car's motor. The appellant did nothing but sit during the incident. We are familiar with and have considered the Government's arguments on the law of principals, but we are not satisfied beyond a reasonable doubt that appellant is guilty of this offense.

We have considered the other assignments of error and hold that they have no merit and do not warrant further consideration.

The finding of guilty of Charge II and its specification is set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the modified findings and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for ten years, total forfeiture of all pay and allowances, and a dishonorable discharge.

Senior Judge MOUNTS and Judge WERNER concur.