**UNITED STATES**

v.

**Terry L. HILLMAN, 466 92 8803, Aviation Electronics Technician Second Class (E–5), U.S. Navy.**

**NMCM 84 0075.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 27 Sept. 1983.

Decided 22 June 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LCDR Claude P. Goddard, JAGC, USN, Appellate Defense Counsel.

LT Steven P. Benson, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

CASSEL, Judge:

Before this Court appellant has assigned eight errors. They involve such matters as appropriateness of the sentence, admissibility of a urinalysis sample not taken strictly in conformance with regulation, reasonable doubt as to guilt because of the irregularities in the collection procedure, a refusal to admit exculpatory polygraph results, erroneous staff judge advocate's advice, and the use of an erroneous standard by the convening authority in approving the findings of the military judge, as well as other equally interesting issues. Our decision in this case does not require a discussion of these issues. Nonetheless, a discussion of related Assignments II and III is warranted.

These assigned errors are:

## II

PREJUDICIAL ERROR OCCURRED WHEN THE MILITARY JUDGE DENIED THE DEFENSE MOTION TO SUPPRESS THE RESULTS OF APPELLANT'S URINALYSIS ON THE BASIS THE GOVERNMENT FAILED TO COMPLY WITH REQUIRED PROCEDURES IN THE COLLECTION OF THE URINE SAMPLE (*SEE*, R. 13–21, 25–28, 35–40, 128–131, 137–140). APPELLANT ADOPTS THE BRIEF SUBMITTED ON THIS ISSUE BY TRIAL DEFENSE COUNSEL, APPELLATE EXHIBIT II. *SEE ALSO*, TRIAL DEFENSE COUNSEL LETTER DATED 25 NOVEMBER 1983, SUBMITTED UNDER ARTICLE 38(c), UCMJ.

## III

THERE IS REASONABLE DOUBT AS TO APPELLANT'S GUILT SINCE THE EVIDENCE SHOWED DEFECTS IN THE URINE COLLECTION PROCEDURES, THEREBY RAISING THE POSSIBILITY THAT THE URINE, WHICH TESTED POSITIVE FOR THE PRESENCE OF COCAINE METABOLITIES, WAS NOT THAT OF APPELLANT. FURTHERMORE, UNUSUALLY HIGH LEVELS OF METABOLITE AND COCAINE RAISE THE POSSIBILITY, NOT REBUTTED BY GOVERNMENT EVIDENCE, THAT THE URINE SAMPLE WAS ADULTERATED.

In reaching our decision we are aided by the excellence of the presentations by all of the attorneys involved in this case. I feel, however, that appellate counsel should have requested oral argument. We did not order it because our unanimous decision as to the outcome made it unnecessary to consider all of the issues raised. Our difficulty has been in finding an agreement as to why we reverse the findings and sentence approved below.

██ Military Rule of Evidence 313 allows the introduction of the results of an inspection. OPNAV Instruction 5350.4 sets forth the procedure to be followed in obtaining urine samples in the Navy in order to comply with the requirements of MIL.R.EVID. 313. Thus, a threshold question is: Does a failure to follow that procedure prevent the evidence from being admitted under MIL.R.EVID. 313. We do not all believe that to be necessarily so. Therefore we reach the next issue. That is, if there was not compliance with the OPNAV Instruction was there still sufficient safeguards in the collection procedure to make the test results admissible under MIL.R. EVID. 313. The military judge apparently found this to be so and the convening authority did so expressly when he alluded to the posttrial motion of appellant in his action and continued

"... it is clear that any defects in the evidence presented by the government go solely to the weight of the evidence

and not to its admissibility. The trier of fact properly admitted the evidence and could reasonably conclude as he did, that guilt had been established beyond a reasonable doubt. There being no plain error evident in the record of trial, the findings and sentence as adjudged are approved."

 We all agree that when the government proceeds on a charge alleging drug usage based solely upon evidence obtained by non-consensual methods a special scrutiny of that evidence and the means of obtaining it must be made. We are balancing two very important principles: the individual rights of a United States citizen in the armed forces; and the important national security needs of this nation to rely on a military force unaffected by drug usage.

In this instance we need not discuss the possibility that the convening authority used an incorrect standard since both Senior Judge Sanders and I agree that, although the evidence was admissible, we are not, on the record before us, convinced beyond a reasonable doubt of the guilt of appellant.

Accordingly, the findings and sentence are disapproved. All rights and benefits of which the accused has been deprived shall be restored.

Senior Judge SANDERS * concurs.

MAY, Judge (concurring in the result):

I concur in the result here. I differ, however, with my brothers regarding the admissibility of the government's urinalysis evidence in this case.

I believe that, where the government's evidence of drug use is solely dependent upon the scientific analysis of urine samples, the entire process of accounting safeguards directed by OPNAV Instruction 5350.4 must be strictly complied with by all those involved in the collection and testing stages. The directive contains clear and easily complied with procedures. Shoddy

and inadequate collection procedures are not acceptable in my view, for such evidence ultimately intended for introduction at a criminal trial. I find inexcusable the lack of knowledge of required procedures exhibited by the petty officers assigned to the collection effort in this case. The stakes are too high for the service member charged with drug use when the only government evidence is an analysis report from a laboratory ranged against an accused's naked assertion that he or she is not a user of drugs. If the government cannot comply strictly with its own comprehensive and necessary procedures, then its "evidence" should be forfeited. Therefore, in my view, the subject evidence in this case should not have been admitted.