UNITED STATES, Appellee,

v.

Sergeant John S. BRANNAN,
Appellant, U.S. Army.

No. 44,664.
CM 441705.

U.S. Court of Military Appeals.

July 2, 1984.

For Appellant: *Captain Peter L. Yee* (argued); *Major Robert C. Rhodes, Captain Michael T. Kelly, Captain Peter R. Huntsman* (on brief); *Colonel R. Rex Brookshire II, Major Robert M. Ott.*

For Appellee: *Captain James C. Underhill, Jr.* (argued); *Lieutenant Colonel John T. Edwards, Major Joseph A. Rehyansky* (on brief); *Colonel R. R. Boller.*

Opinion of the Court

FLETCHER, Judge:

Appellant was tried by a general court-martial composed of a military judge and members on July 16, 1981, at Fort Hood, Texas. Contrary to his pleas, he was convicted of one specification of possession of marihuana and three specifications of solicitation of other persons to transfer, use, and possess marihuana, all violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. See paras. 213*b* and 161, Manual for Courts-Martial, United States, 1969 (Revised edition). The members sentenced appellant to a bad-conduct

discharge, 10 years' confinement at hard labor, total forfeitures, and reduction to E-1. This sentence was approved by the convening authority and affirmed by the United States Army Court of Military Review. The Secretary of the Army remitted all confinement in excess of 4 years on April 29, 1982.

The charged offenses were alleged to have occurred on March 12, 1981. The substance of the Government's case was provided by PFC Rodney Hall and Specialist Four Tony Jones, the two persons who purportedly were solicited by appellant to commit various marihuana offenses. Physical evidence of the crimes which had been discovered during a search of appellant's truck that same day was also admitted at this court-martial.

PFC Hall and Specialist Four Jones substantially testified to the same facts concerning the alleged offenses. They testified that at 0630 on the above date appellant told them to come with him in his pickup truck. Once in the truck, appellant opened the glove compartment, revealing a pair of surgical clamps or scissors with a marihuana cigarette attached thereto. Appellant then told Hall or Jones, "Fire it up." Hall lit the cigarette which appellant and one or both of the others then smoked. Appellant then reached behind the pickup seat and produced a grocery bag containing smaller plastic baggies of marihuana. Appellant handed the grocery bag to one of the soldiers and asked both soldiers if they or anyone they knew would like to buy the marihuana. A price of $25.00 or $30.00 was mentioned by appellant.

The Government introduced various items of physical evidence which were removed from appellant's truck that day: a pair of surgical clamps, a plastic baggie containing brown vegetable matter, a grocery bag, thirteen small plastic bags containing brown vegetable matter, and other items. PFC Hall and Specialist Four Jones identified the items they saw on March 12, 1981, in appellant's truck, and Lieutenant Patrick Snyder testified to their subsequent discovery in appellant's truck. A laboratory report was admitted establishing the nature of the substance as marihuana.

The defense primarily rested its case on the testimony of appellant. Appellant testified that he arrived at Fort Hood on March 12, 1981, around 0600, locked the front of the truck, and left it in the parking lot. He denied soliciting Private Hall, said he was in formation at 0630 and had no idea marihuana was in his truck until Lieutenant Snyder advised him of his rights later that afternoon. Through the testimony of the defense witness, Private Steven Newkirk, the defense also suggested that appellant was framed by a disgruntled subordinate named Miller who initially reported Hall's accusations to the military police.

This Court specified the following issue for review:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ALLOWING TESTIMONY CONCERNING OTHER ACTS OF MISCONDUCT BY THE APPELLANT.

This Court previously addressed a similar question in *United States v. Janis*, 1 M.J. 395 (C.M.A. 1976). Today, our review of this question is more particularly guided by Mil.R.Evid. 404(b) and 403. *See* Appendix 18, Analysis of Mil.R.Evid. 404(b), Manual for Courts-Martial, United States, 1969 (Revised edition); *see generally United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

The first step in addressing this question is to identify the evidence admitted at this court-martial that tended to show that appellant had engaged in other offenses involving marihuana. Mil.R.Evid. 404(b). Specialist Four Nathaniel Longston, testifying for the Government in its case-in-chief, stated that appellant offered him some marihuana to smoke from a small bag. He testified this offer occurred at appellant's trailer on January 18, 1981, shortly after he arrived at his unit. PFC Keith Arthur testified that on July 5, 1980, appellant took a small plastic bag of mari-

huana from a brown shopping bag and handed it to an unidentified person in a blue car. Specialist Four David Yates testified that on July 5, 1980, he observed "a bag of 'baggies'" containing marihuana under the carpet of appellant's van. Specialist Yates also testified that on three unspecified occasions he observed appellant transfer a bag of marihuana to other persons. He stated that one transfer was to a person named Parkins and it occurred at Parkins' house. Specialist Yates was also called as a rebuttal witness by the Government and testified that he smoked marihuana with appellant on a number of occasions. Finally, PFC Hall was recalled to testify as a witness for the court. He testified that in January 1981, appellant said, on their way into the field, "If anybody had anything, to fire it up now before we get out to the field."

The second step in addressing the specified issue is to identify the particular purposes for which the Government offered this evidence in appellant's court-martial. Mil.R.Evid. 404(b). Prior to trial, the Government served written notice on defense counsel that it intended to introduce evidence in its case-in-chief that appellant had previously been involved in the wrongful possession, sale, use, and transfer of marihuana. It stated that this evidence was admissible under Mil.R.Evid. 404(b), and would be adduced from Specialist Four Longston and Jones as well as PFC Hall and Miller and other unnamed witnesses it might locate by the time of trial. At an Article 39(a) [1] session prior to trial, defense counsel moved to suppress the testimony of Specialist Yates and Longston concerning uncharged drug misconduct by appellant. He asserted that the probative value, if any, of this evidence was outweighed by its prejudicial effect and therefore the evidence was inadmissible under Mil.R.Evid. 403. Trial counsel responded that this evidence would show a common scheme or plan to sell marihuana to the troops on this post as well as a similar modus operandi. He further asserted that the probative val-

ue of this evidence was not outweighed by its prejudicial impact under Mil.R.Evid. 403. The trial judge denied the defense motion but stated he would consider objections individually at the time the witnesses testified.

In this context we can now review the trial judge's decision to admit the above evidence of other offenses under Mil.R. Evid. 404(b). Trial counsel particularly asserted that this evidence was relevant to show "a common scheme, plan or design [by appellant] for the continual sale of marihuana to troops on this post." The inference which can be drawn from the existence of such a plan is that the charged acts as individual manifestations of such a plan also probably occurred. *See United States v. Danzey*, 594 F.2d 905, 913 (2d Cir.), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979), citing 2 J. Wigmore, *Evidence* § 304 (3d ed. 1940).

■ In order for the other offenses of appellant to be relevant for the above purpose, they must be shown to be more than similar to the charged offenses. *United States v. Dothard*, 666 F.2d 498, 502 (11th Cir. 1982). They must be almost identical to the charged acts and each other (i.e., possess a concurrence of common features), so as to naturally suggest that all these acts were results of the same plan. *United States v. Danzey, supra.* The mere fact that other acts of appellant evidenced in this case involve marihuana is simply not enough under this particular evidentiary theory.

Contrary to the pretrial assertions of trial counsel, none of the above witnesses testified that appellant sold marihuana to them or anyone else in their presence. Longston testified that appellant offered him marihuana to smoke. Arthur testified that he saw appellant transfer marihuana to an unidentified person in a car. Yates testified that, on three occasions, only one of which he could remember with any particularity, he observed appellant transfer marihuana. Yates' additional testimony

that he smoked marihuana with appellant and discovered marihuana in the latter's car does not clearly show a continuous scheme to sell marihuana. Finally, Hall's testimony concerning appellant's previous use of the word "fire up" had no bearing on this issue. Accordingly, the absence of similarity of acts seriously undermined the relevance of this evidence to show the plan particularly averred by trial counsel.

Assuming trial counsel intended to use these acts to show a plan to transfer marihuana to troops on post, we have grave doubts that all the conduct in evidence possessed a sufficient combination of common features to show a general plan. The evidence admitted at this court-martial showed dissimilar drug offenses. The evidence was largely unspecific as to the military status of the transferees and as to the military situs of these offenses. It also showed irregular or unknown timing. *United States v. Davis*, 657 F.2d 637, 639 (4th Cir. 1981). In our opinion, this evidence revealed no more than a collection of disparate acts of appellant only having marihuana as the single feature in common. As indicated above, such a showing by itself is not sufficient to secure the admission of this evidence to show a scheme or plan under Mil.R.Evid. 404(b). *Cf. Adail v. Wyrick*, 711 F.2d 99, 102 (8th Cir. 1983).

The Government also asserted that evidence of other drug offenses admitted in this case would show a modus operandi common to the one employed in the charged offenses. The inference which can be drawn from the existence of such a modus operandi and its employment in the charged offenses is that appellant did the charged offenses. See generally McCormick, *Evidence* § 190 at 449 (2d ed. 1972). This is a question of identity under Mil.R. Evid. 404(b). *See United States v. Woods*, 613 F.2d 629, 634–35 (6th Cir.), *cert. denied*, 446 U.S. 920, 100 S.Ct. 1856, 64 L.Ed.2d 275 (1980). In particular, the com-

mon modus operandi averred was appellant's use of a brown paper sack containing plastic baggies of marihuana to distribute this drug from a motor vehicle. Neither Longston nor Hall offered any testimony relevant to establishing this fact. Arthur and Yates did, but some question exists in our mind whether this method of distribution of marihuana is so unusual and distinctive that it is like a signature. *See United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978); *see generally United States v. Beechum, supra* at 911–12 n. 15. We conclude, at the most, that Arthur's testimony and a portion of Yates' testimony met the requirements of Mil.R.Evid. 404(b) for this evidentiary purpose.

■ Despite the above, we are convinced that the trial judge did not err under Mil.R.Evid. 404(b) in admitting this evidence of previous drug offenses by appellant.[2] Prior to the presentation of the Government's case, defense counsel in his opening argument stated the theory of appellant's innocence he would pursue. It was the position of the defense that the marihuana discovered in appellant's truck was planted there without his knowledge, and the testimony of the government witnesses accusing him of soliciting them to commit various drug offenses was the product of Miller's attempt to frame him. Defense counsel pursued this theory on cross-examination of various government witnesses, and on direct examination of the defense witness-Newkirk and appellant. It has been recognized that in prosecutions for drug offenses, evidence of complicity in prior drug transactions is relevant to rebut the defense of a lack of criminal intent. *United States v. Koessel*, 706 F.2d 271, 275 (8th Cir. 1983); *United States v. Evans*, 697 F.2d 240, 248 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 352 (1983); *United States v. Riggins*, 539 F.2d 682 (9th Cir. 1976), *cert. denied*, 429 U.S. 1045, 97 S.Ct. 749, 50 L.Ed.2d 758

**2.** Appellant, on direct examination, denied that he ever smoked marihuana. The rebuttal testimony of Yates that he smoked marihuana on several occasions with appellant clearly contra-

dicted appellant's testimony. Mil.R.Evid. 607; *United States v. Benedetto*, 571 F.2d 1246, 1250 (2d Cir. 1978). No objection was made by the defense to this testimony.

(1977); *United States v. Conley*, 523 F.2d 650 (8th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976). *See generally* 2 Wigmore, *Evidence* § 302 (Chadbourne rev. 1979). The higher degree of similarity required for the two evidentiary purposes described previously is not required here. *See United States v. Radseck*, 718 F.2d 233, 236 (7th Cir. 1983), *cert. denied*, __ U.S. ___, 104 S.Ct. 1291, 79 L.Ed.2d 693 (1984); *United States v. Parr*, 716 F.2d 796, 804 (11th Cir. 1983); *United States v. Danzey*, *supra* at 913, citing 2 J. Wigmore, *Evidence* § 304 (3d ed. 1940).

The next question we must address is whether the probative value of this evidence to show appellant's criminal intent was substantially outweighed by the undue prejudicial tendencies of this evidence. Mil.R.Evid. 403. This question is not a major concern in the present case.

The record of trial reveals that defense counsel did not renew his pretrial objection under Mil.R.Evid. 403 to the testimony of Longston, Arthur, Yates, and Hall when these witnesses testified at trial to previous criminal conduct by appellant. *See United States v. Mangiameli*, 668 F.2d 1172, 1177 (10th Cir.), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982). Moreover, trial counsel called for a side-bar conference prior to adducing such testimony from Longston to give defense counsel an opportunity to present its position under Mil.R.Evid. 404(b). The trial judge and defense counsel indicated their belief that this question had been litigated. Nevertheless, the trial judge again stated that he would rule on any objection as the witnesses testified, but the only objection later made by defense counsel was that Arthur's testimony was cumulative. In view of Mil.R.Evid. 103, and the overwhelming evidence of guilt described earlier in this opinion, we hold that any error which might have occurred on the basis of Mil.R.Evid. 403 was harmless. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. LeMaire*, 712 F.2d 944, 948 (5th Cir. 1983); *United States v. Mortazavi*, 702 F.2d 526, 528 (5th Cir. 1983); *United States v. Bailleaux*, 685 F.2d 1105, 1111 n. 2 (9th Cir. 1982).

Such a conclusion in the present case does not signal our approval of broad talismanic incantations of words such as intent, plan, or modus operandi, to secure the admission of evidence of other crimes or acts by an accused at a court-martial under Mil.R.Evid. 404(b). *See United States v. San Martin*, 505 F.2d 918, 923 (5th Cir. 1974). Neither does it reflect a lack of concern on our part with the dangers in admitting such evidence even if it meets the requirements of Mil.R.Evid. 404(b). See Mil.R.Evid. 403; *United States v. Bailleaux*, *supra* at 1109; *see generally United States v. Beechum*, *supra* at 920 n. 2 (Goldberg, J., dissenting). These questions are complex, and counsel should be particular in the offer of proof, supporting arguments for admission, and objections. *See United States v. Lebovitz*, 669 F.2d 894, 901 (3d Cir.), *cert. denied*, 456 U.S. 929, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982); *United States v. Mangiameli*, *supra*.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Senior Judge COOK concur.