## UNITED STATES

v.

**Bryan M. ROBINSON, 465 74 5623, Gunnery Sergeant (E–7), U.S. Marine Corps.**

**NMCM 84 4283.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 21 June 1984.

Decided 24 May 1985.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Michael Mudgett, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

GREGORY, Senior Judge.

Contrary to his plea of not guilty, appellant was convicted at a special court-martial bench trial of one specification of wrongful use of marijuana, in violation of Article 134, 10 U.S.C.A. § 934, Uniform Code of Military Justice. He was sentenced by the military judge to a bad conduct discharge and reduction to pay grade E–1. This sentence was approved on review below without modification or suspension.

Appellant is a Gunnery Sergeant (E–7) with continuous active duty in the Marine Corps since August 1966. On appeal, Gunnery Sergeant Robinson contends, *inter alia,* that the military judge erred in admitting over defense objection prior statements by him concerning prior acts of misconduct involving his use of marijuana in 1968, 1974, and 1982. Under the circumstances of this case, we concur in appellant's contention.

The basis for the prosecution of Gunnery Sergeant Robinson was a urine sample taken from him on 9 December 1983 and forwarded to the Naval Drug Screening Laboratory, Norfolk, Virginia. During the next six months, the sample was subjected to five separate tests for the presence of metabolites of tetrahydrocannabinol (THC), marijuana's active ingredient. The subsequent tests were necessary because each of the preceding tests was conducted in violation of the Navy Urinalysis Screening Laboratory Standard Operating Procedure Manual (SOP) in certain technical aspects. The final test, conducted over six months

after appellant's sample was first submitted, revealed a decrease in the metabolite level. This decrease was explained to some degree by the Government's expert witness as primarily the result of the action of other human matter (called surfactants) in the urine specimen. The expert witness testified that the results of the tests were scientifically valid. The defense, on the other hand, proceeded on the basis that the results of the tests could not be relied upon because of the series of deficiencies in testing procedures and could not survive the special scrutiny such evidence warrants. *See Murray v. Haldeman,* 16 M.J. 74, 83 (C.M.A.1983) (Fletcher, J. concurring); *see also United States v. Hillman,* 18 M.J. 638, 640 (N.M.C.M.R.1984).

After the defense rested its case on the merits, trial counsel offered for admission in rebuttal Prosecution Exhibits 11 and 12, prior statements of appellant made to Naval Investigative Service agents in which he admitted to marijuana usage in 1968, 1974, and 1982. Trial defense counsel argued that the exhibits were barred by Rules 404(b) and 403 of the Military Rules of Evidence (M.R.E.). The trial counsel offered, and apparently the military judge accepted, the two exhibits on the basis that they tended to rebut the defense contention of "mistake." (R. 73–76).

Military Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that the person acted in conformity with such character. It does allow such evidence, however, for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, *or absence of mistake* or accident.

Although trial defense counsel agreed that the thrust of the defense case was "mistake" on the part of the Laboratory (R. 74–75), we are not sure but that the defense case could be better denominated an attack on the trustworthiness of the documents reflecting the results of the laboratory tests. *See* M.R.E. 803(6). We feel much more comfortable, however, with the position taken by the defense at trial and on appeal that the "absence of mistake" mentioned in M.R.E. 404(b) refers only to a mistake on the part of the accused. Such a position seems the only logical one when the litany of exceptions obviously relate to acts of the accused or other person whose character is in issue.

In addition, in deciding the admissibility of extrinsic offense evidence, the first determination to be made is whether the act in question tends to prove the specific thing for which it is offered. *Saltzburg, Schinasi, and Schlueter, Military Rules of Evidence Manual* 183 (1981). The rebuttal evidence in this case was an admission of three isolated and specific instances of marijuana use, on the part of Gunnery Sergeant Robinson, approximately one, nine, and fifteen years prior to the charged offense. This evidence had absolutely *no* tendency to prove "absence of mistake" on the part of the Laboratory, the basis upon which it was offered.

On appeal, the Government adopts the reasoning followed by the trial counsel and military judge at trial with respect to "absence of mistake." We disagree with this reasoning. The Government further argues that, even if the evidence in question was inadmissible, its admission was harmless error because there was overwhelming evidence of guilt. *See United States v. Brannan,* 18 M.J. 181 (C.M.A.1984). We are also unable to adopt this theory.

The disputed evidence allowed the fact finder to infer present guilt from prior disposition to use marijuana. This inference is precisely what is forbidden by M.R.E. 404(b). The evidence showed appellant to be a former drug user, and the military judge clearly found such evidence to be relevant and probative. We cannot overlook the obvious prejudice from the erroneous receipt of this evidence, particularly in light of the procedural defects in the Government's laboratory evidence concerning the initial tests and the questions raised as to the metabolic level of the final test. Suffice it to say, we are not con-

vinced that the inadmissible evidence of prior use had no effect.

Accordingly, the findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General. A rehearing is authorized.

Judge MITCHELL and Judge BARR concur.