**UNITED STATES**

v.

**Cristobal G. CUELLAR, 585 05 9880, Intelligence Specialist Second Class (E–5), U.S. Navy.**

**NMCM 85 1337.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 8 Jan. 1985.

Decided 20 March 1986.

LCDR HAROLD M. SHAW, JAGC, USN, Appellate Defense Counsel.

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

MICHAEL F. FASANARO, JR., Civilian Defense Counsel.

LCDR JEFFREY S. SAWTELLE, JAGC, USN, Appellate Government Counsel.

Before COUGHLIN, MIELCZARSKI and DECARLO, JJ.

DECARLO, Judge:

Contrary to his pleas, appellant was convicted in January 1985 by a general court-martial, composed of members, of one specification alleging commission of an indecent act upon a female under 16 years of age, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to confinement at hard labor for six years, reduction to pay grade E–1, and a dishonorable discharge.

On Thanksgiving day 1983, appellant hosted a large family gathering at his quarters at Fort Ord, California. Among those in attendance were appellant's sister-in-law Janet H, her husband, and their four children, including 10 year old Jenny H. After finishing dinner and helping clean the kitchen, Jenny went to bed in an upstairs bedroom with appellant's son and daughter. The three children slept in the same bed, Jenny being on one of the ends. Shortly after falling asleep, Jenny, who was wearing pants and a t-shirt, was awakened by the appellant who had pulled up her shirt to the middle of her chest, unbuttoned her pants, and was rubbing her lower stomach. Jenny moved appellant's hand away and attempted to get out of bed, whereupon appellant stated, "Just lay down and I'll leave you alone." After Jenny laid back down, the appellant continued his assault by lifting the girl's underpants away from her body and inserting his hand therein to a point approximately one inch above the girl's vagina. Jenny immediately punched the appellant, who ceased his assault. Appellant then warned her that if she told anybody what happened, she would be in big trouble. Jenny, feigning that she had to go to the bathroom, then left the bed and ran to her parents' room, telling them what had happened. Appellant was subsequently charged with committing an indecent act upon a female under the age of sixteen by fondling her lower stomach and private parts.

At trial, the major part of the Government's case consisted of the testimonies of the victim and four other young girls, Sheryl R, Robin Lee H, Rebecca K, and Darlene H (the victim's sister), who claimed to have been sexually molested by the appellant at different times during the period from 1980–82 under similar circumstances. In a motion *in limine*, appellant moved that the evidence of the four prior uncharged acts of misconduct be excluded on the grounds that such evidence was not admissible pursuant to Military Rule of Evidence (Mil.R.Evid.) 404(b), and that its probative value was substantially outweighed by its prejudicial effect. Mil.R.Evid. 403.

Additionally, appellant argued that even if the court ruled that the testimonies concerning the prior molestations were generally admissible, evidence of at least two of the alleged incidents should be excluded because the misconduct had been previously prosecuted and had resulted in acquittals. The appellant urged alternatively that if evidence of these latter two extrinsic acts were admitted, then the defense should be allowed to introduce evidence of the fact that their prosecutions had resulted in acquittals. The Government argued that the evidence of the extrinsic acts was admissible under 404(b) and 403 to prove the intent and identity of the appellant, and that the acquittals did not render them inadmissible. Additionally, in a motion *in limine* of its own, the Government requested that the military judge rule that the defense "be precluded from using any testimony, remarks, questions or arguments which might inform the court-members of said acquittals." Upon considering the briefs and arguments of counsel, the military judge denied the defense motion and granted the Government's motion, thus allowing the Government to use the testimony concerning the prior molestations and prohibiting the appellant from introducing evidence that two of those incidents had resulted in acquittals. Appellant was subsequently convicted of the offense as charged.

Before this Court appellant makes the following assignments of error:

## I

THE TRIAL COURT ERRED IN ALLOWING SHERYL R, ROBIN LEE H, DARLENE H, AND REBECCA K TO TESTIFY THAT APPELLANT HAD COMMITTED PRIOR UNCHARGED ACTS OF SEXUAL MOLESTATION UPON THEM.

## II

EVEN IF THE MILITARY JUDGE WAS CORRECT IN ADMITTING EVIDENCE OF PRIOR UNCHARGED ACTS OF APPELLANT, HE ERRED IN ADMITTING ACTS FOR WHICH THE APPELLANT PREVIOUSLY HAD BEEN TRIED AND ACQUITTED.

## III

THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT TO INTRODUCE EVIDENCE THAT HE HAD BEEN ACQUITTED OF CHARGES ARISING FROM ALLEGED PRIOR ACTS OF SEXUAL MISCONDUCT AGAINST DARLENE H AND REBECCA K.

## IV

A SENTENCE WHICH INCLUDES CONFINEMENT AT HARD LABOR FOR 6 YEARS AND A DISHONORABLE DISCHARGE IS INAPPROPRIATELY SEVERE.

## V

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY OF THE WORDS "PLACING HIS HANDS UPON HER ... PRIVATE PARTS."

We discuss the assignments *seriatim.*

## DISCUSSION

### I

### ADMISSIBILITY OF PRIOR UNCHARGED INDECENT ACTS

Mil.R.Evid. 404(b) provides that

[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The admissibility of evidence of uncharged misconduct under Mil.R.Evid. 404(b) is governed by a two part analysis enunciated by the Court of Military Appeals in *United States v. Brannan,* 18 M.J.

181 (C.M.A.1984). The first part looks at the evidence admitted to show that the accused actually committed the extrinsic offense, and the second examines the particular purpose for which the evidence is offered. *Id.* at 182–83.

Appellant's first assignment of error concerns the initial step of this analysis, and is based on the requirement set forth in *United States v. Janis,* 1 M.J. 395 (C.M.A.1976), that evidence of extrinsic offenses be "plain, clear and conclusive" in order for the offenses to be admissible. *Id.* at 397. Appellant fails to recognize, however, that the pre-codal standards set forth by the Court in *Janis* are no longer applicable. *United States v. Peterson,* 20 M.J. 806, 813 (NMCMR 1985); *see also United States v. Brannan,* 18 M.J. 181 (C.M.A.1984) and *United States v. Woodyard,* 16 M.J. 715 (AFCMR 1983). In *Peterson,* a panel of this Court determined that

> [t]here is no rigid limitation with respect to the quantum of proof required for admissibility of an extrinsic offense. The evidence must be sufficient, however, to permit the members to conclude that the accused in fact committed the extrinsic offense. If the members could not reasonably so conclude, the proof would be insufficient and inadmissible.

*Peterson,* 20 M.J. at 813. *See also United States v. Beechum,* 582 F.2d 898, 913 (5th Cir.1978) and *Woodyard,* 16 M.J. at 720.

■ In this case, the only evidence of the extrinsic offenses alleged by the Government was the testimony of the victims themselves. We find that, based on such testimony, the members could reasonably conclude that appellant committed the acts alleged. *Peterson, supra. See also United States v. Thomas,* 11 M.J. 388, 393–394 (C.M.A.1981). We further note that the direct testimony of a victim of an alleged extrinsic offense has been held to be sufficient to satisfy even the stricter clear and convincing standard of *Janis. United States v. Williams,* 17 M.J. 548 (A.C.M.R. 1983). Thus, we find that the testimonies of the victims of the extrinsic offenses were sufficient to render evidence of the

prior acts admissible pursuant to Mil.R. Evid. 404(b).

■ We note as well that the extrinsic evidence was properly admitted under the second step of the *Brannan* analysis. The admissibility of the extrinsic offenses under this step is a function of the similarity of the extrinsic offense to the charged offense, the degree of which varies according to the purpose for which it is offered. *Peterson,* 20 M.J. at 811; *Beechum,* 582 F.2d at 911. The appellant in this case was charged with committing an indecent act upon the body of a female under 16 years of age with the specific intent to satisfy his sexual desires. Trial defense counsel repeatedly questioned the ability of the victim to positively identify her attacker; thus the extrinsic evidence was relevant both to prove the specific element of intent and to show the identity of the assailant. The testimonies of the victims established that, similar to the charged offense, each of the extrinsic offenses was perpetrated: (1) against a female child under the age of sixteen; (2) *while the child was visiting at the appellant's home,* either by herself or with other family members; (3) with one exception, during the nighttime; (4) with one exception, while the victim was in the presence of one or more other children who were either sleeping or unaware of what was going on; (5) by the placing of the assailant's hands onto the private areas of the victim. We find that the facts of both the extrinsic offenses and the charged offense are sufficiently similar in characteristics to be properly admissible to prove both the intent and the identity of the appellant. *See generally Peterson,* 20 M.J. at 811–812.

■ We reject as well appellant's contention that the military judge abused his discretion when he found that the probative value of the evidence was not substantially outweighed by its prejudicial effect under Mil.R.Evid. 403. It is well-established that the balancing of factors under Rule 403 "is within the sound and broad discretion of the military judge." *Peterson,* 20 M.J. at 813. The military judge specifically found

that the "relative probative value" of the evidence was "highly significant" and "very strong." (R. 19). He conducted a well-reasoned analysis of the factors to be weighed in the Rule 403 balancing test. We find that he did not abuse his discretion in determining that the probative value of the extrinsic offenses was not substantially outweighed by their prejudicial effect.

## II

### RULE 404(b) AND PRIOR ACQUITTALS

Before this Court, appellant maintains his position that the testimonies of Rebecca K and Darlene H should have been excluded because they were each the subject of separate criminal proceedings that resulted in acquittals. In 1982, a Virginia jury acquitted appellant of charges arising from the alleged incident with Rebecca K. On 24 July 1984, a California court granted a defense motion for judgment of acquittal for insufficient evidence in a criminal proceeding resulting from the alleged incident with Darlene H. While conceding that the majority view allows evidence of extrinsic acts notwithstanding the fact that they resulted in acquittals, appellant urges that the minority view is the better and fairer one. He maintains that "broad fundamental notions of fairness" make it an unjust burden to force a defendant to relitigate an issue which a jury has decided in his favor and, citing *United States v. Mespoulede*, 597 F.2d 329 (2d Cir.1979), argues that the military judge should have prevented the Government from bringing in evidence of the incident underlying the prior acquittal. The Government urges this Court to adopt the majority view.

■ First, we find, as conceded by the appellant, that the doctrine of collateral estoppel is not applicable to the instant case because different sovereigns prosecuted him. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970).[1] *See generally* 21 Am.Jur.2d, Criminal Law, § 331.

■ Second, we disagree with the appellant's argument that it is fundamentally unfair for the Government to introduce evidence of extrinsic acts of misconduct where the earlier prosecution of those acts resulted in acquittals. An act need not result in criminal liability to be admissible under Rule 404(b). *United States v. Roe*, 670 F.2d 956 (11th Cir.1982). The fact of a prior acquittal of an extrinsic offense does not in any way insulate the underlying facts from admissibility under the rule.[2] *United States v. Wyatt*, 762 F.2d 908 (11th Cir.1985); *United States v. Van Cleave*, 599 F.2d 954 (10th Cir.1979); *Smith v. Wainwright*, 568 F.2d 362 (5th Cir.1978). This rule of law was recognized long before the advent of the Federal Rules of Evidence. In *Lee v. State*, 8 Ga.App. 413, 69 S.E. 310 (1910), the court reasoned that

the relevancy of these other transactions does not arise from the fact that they were criminal, but from the fact of their having happened. The fact that the jury trying the case ... decided that there was not evidence to show beyond a reasonable doubt that the defendant acted criminally ... does not rob the facts attendant on that transaction of their inherent probative value.... [T]he fact of acquittal as to the other crimes does not exclude the right to prove them when the testimony is otherwise relevant. 'The acquittal merely exempts him [the accused] from punishment and from another prosecution. It does not necessarily show that he was innocent.'

69 S.E. at 312.

Rule 404(b) attaches to those extrinsic acts of which an accused was found not to be

---

**1.** " 'Collateral estoppel' ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the *same parties* in any future lawsuit." *Ashe v. Swenson*, 397 U.S. at 443, 90 S.Ct. 1189, at 1194, 25 L.Ed.2d at 475. (Emphasis added).

**2.** The rationale for this rule is that the prior acquittal may reflect technical defects in the case or the higher (beyond a reasonable doubt) standard of proof. *United States v. Wyatt*, 762 F.2d at 911, n. 3, quoting 2 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE § 404(10) at p. 404–58 (1982 ed.).

criminally liable as well as to those for which there is no potential for criminal liability (under State or Federal law). The fact that the extrinsic offense resulted in a conviction or acquittal is not a decisive factor, although it is to be weighed by the trial judge in deciding whether resulting prejudice outweighs probative value. *United States v. Burkhart,* 458 F.2d 201 (10th Cir.1972); *see also United States v. Castro-Castro,* 464 F.2d 336 (9th Cir.1972); *Hernandez v. United States,* 370 F.2d 171 (9th Cir.1966). We find, therefore, that otherwise relevant and admissible evidence under Rule 404(b) is not rendered inadmissible because the accused was previously acquitted of that offense.

## III

### ADMISSIBILITY OF PRIOR ACQUITTALS

■ We turn now to the assignment asserting that the military judge erred when he refused to allow the appellant to introduce the fact of the two acquittals into evidence. Appellant maintains that it is "patently unfair to allow evidence of prior bad acts and not allow evidence of prior acquittals." The military judge found that the acquittals bore no relevance to either of the alleged prior acts of sexual misconduct. We agree.

> A judgment of acquittal is relevant to the legal question of whether the prosecution is barred by the constitutional doctrine of double jeopardy or of collateral estoppel. But once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted. Not only does the inference appellant suggests not flow from the judgment of acquittal ..., but also a judgment of acquittal is hearsay. The Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, Rule 803(22), not judgments of acquittal.

*United States v. Sutton,* 732 F.2d 1483, 1493 (10th Cir.1984) (quoting *United States*

*v. Viserto,* 596 F.2d 531, 537 (2d Cir.), *cert. denied,* 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979)). *See also United States v. Riley,* 684 F.2d 542 (8th Cir.1982); *United States v. Kerley,* 643 F.2d 299, 300–301 (5th Cir.1981). *See also* Mil.R.Evid. 803(22). Assuming *arguendo,* that some quantum of relevance could be attributed to the acquittals under Mil.R.Evid. 401, the acquittals would have been properly excluded in the instant case because their probative value was substantially outweighed by the danger of confusion of the issues and the potential for misleading the members. Mil.R.Evid. 403; *Kerley,* 643 F.2d at 301. We therefore find that the military judge did not abuse his discretion in excluding evidence of the acquittals for lack of relevancy.

## IV

### SENTENCE APPROPRIATENESS

■ Appellant's conviction is based upon one incident of committing an indecent act upon the body of a ten year old girl by placing his hands upon her lower stomach and private parts. The maximum punishment for this offense is a dishonorable discharge, confinement at hard labor for seven years, total forfeiture of all pay and allowances, and reduction to pay grade E–1. Appellant was sentenced to a dishonorable discharge, confinement at hard labor for six years, and reduction to E–1. He maintains now that this punishment is overly severe. Appellant gratified his sexual desires through the use of force, deceit, and intimidation of a ten year old guest in his house. We find that, given the nature of this crime and the tender age of the victim involved, appellant's sentence is appropriate. This assignment of error is rejected.

## V

### SUFFICIENCY OF THE EVIDENCE

■ Appellant claims that the evidence was insufficient to sustain a finding of guilty to that part of the specification

alleging that the appellant had committed an indecent act by placing his hands on the victim's "private parts." Appellant's assignment is based on the fact that he never touched the victim's vagina or breasts. The evidence did reveal, however, that appellant's hand came to within one inch of the victim's vagina when he touched her. The term "private parts" has been judicially defined to include the immediate vicinity of the genitals as well as the genitals themselves. *State v. Blount*, 60 N.J. 23, 286 A.2d 36 (1972); *State v. Nash*, 83 N.H. 536, 145 A. 262 (1929). We consider that an area in such close proximity to the genitals is no less of a "private part" than the genitals themselves. Thus, we reject appellant's final assignment of error.

Accordingly, the finding of guilty and the sentence as approved on review below are affirmed.

Senior Judge COUGHLIN and Judge MIELCZARSKI concur.