Donald M. SMITH, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.

No. 77–1045.

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1978.

Theorphilus J. Rose, John T. Chandler, Gainsville, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before JONES, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal from denial of the writ of habeas corpus requires us to determine the effect on a conviction, obtained in part by the admission of evidence about another

similar crime, of a subsequent acquittal of the "other crime."

Appellant Smith was charged with breaking and entering a dormitory room with the intent of raping its occupant. In another criminal prosecution, Smith was charged with raping yet another female, who was attacked on the same morning as the first and in the same dormitory. At Smith's breaking-and-entering trial, the state called the "rape" victim to testify that Smith had raped her several hours before. Her testimony was received as relevant to the issues of identity, motive and intent. Smith was convicted of the breaking-and-entering charge but was later acquitted of the alleged rape, most likely because the victim's testimony—received in this case—admits some rather unusual post-incident behavior which may have perplexed the jury as to consent.[1] After exhausting state remedies, Smith sought habeas corpus relief in federal court.

In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Supreme Court discerned the collateral estoppel doctrine within the fifth amendment's double jeopardy clause, which itself had been found applicable to the states in *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In *Ashe* the defendant had been charged with robbing six gamblers at a card game; the Supreme Court held that after he had gained an acquittal of robbing one of the players he could not be tried for robbing any other because a jury had exonerated him on virtually identical facts. In *Wingate v. Wainwright*, 464 F.2d 209 (5th Cir. 1972), we extended *Ashe*, holding other-crimes evidence inadmissible where the defendant had previously been acquitted of committing the "other crime." As we later explained in *Blackburn v. Cross*, 510 F.2d 1014 (5th Cir. 1975) (applying *Wingate* retroactively), "[t]he purpose of [the *Wingate*] rule is bound up in the whole complex of values that the guarantee against double jeopardy represents." *Id.* at 1018.

Against confusion, we note at the outset that principles regarding finality of judgments or against double jeopardy do not come directly into play here for the obvious reason that, unlike in *Ashe* and *Wingate*, here there had been no *prior* acquittal of the "other crime." Appellant concedes as much but contends that "merely reversing the order of trials" should not signify and that "in order to give the collateral estoppel rule of *Wingate* full force and meaning, the State should not be permitted to introduce similar fact evidence unless such evidence had previously led to a conviction." This result is said to be compelled by a constitutional guarantee of trial before an impartial jury.[2] We reject the contention.

▮▮▮ The direct response to the contention is simple: evidence of crime A by a defendant may not be received at his trial for crime AB merely to establish that defendant committed crime A. For if the evidence of crime A is offered merely to stigmatize the defendant as one who has committed another crime—and therefore as being depraved or of bad character and thus more likely than one of better general disposition to have committed crime AB— all modern authorities join to exclude it for such a purpose.[3] It is not the character of crime A as being a *crime* which renders primary evidence of it relevant at the trial of crime AB. Indeed, insofar as this circumstance figures in the admissibility calculus at all, it militates against the admission of the evidence and entails special in-

1. The witness described an extended conversation after the attack and admitted accepting money from the attacker post-incident and making no report of the incident until after the second assault occurred.

2. An uncritical acceptance of this proposition in its full force and reach would result in elevating every evidentiary error to constitutional dimension. Because our disposition does not require a dissection of it, we assume the proposition arguendo—but arguendo only.

3. E. g., Fed.R.Evid. 404(b); C. McCormick, Handbook of the Law of Evidence § 190, at 447 (Cleary ed. 1972). The conviction may, of course, be admissible for other purposes. *See United States v. Bowdach*, 564 F.2d 95 (5th Cir. 1977) (impeachment).

structions to the jury designed to sanitize it.[4] Instead, it is that the acts of defendant constituting crime A, as might any other acts of his for some special reason such as a modus operandi, tend to identify him as the actor in crime AB, supply a motive for AB, tend to indicate the intent with which he acted in the AB situation, or the like. Thus, it is apparent that so-called "other-crimes" evidence is a mere special instance of a general class: what we may call "other-acts" evidence. Is the defendant given to wearing purple berets? This is not criminal, though perhaps it should be. But surely that he does so is relevant and admissible in his prosecution for a crime committed by one so dressed. And if he be given to a distinct tactic in his criminal enterprises, then proof that he is—other things being equal—renders it more likely that he committed a crime done in that fashion. And this is a good definition of relevance.[5]

Something more than simple relevance is usually required for admission, however, where evidence of acts which constitute other crimes by defendant is concerned, for such evidence is inherently prejudicial. The Federal Rules of Evidence, for example, specifically provide for exclusion of evidence which, though relevant, is substantially outweighed in probative value by the danger of unfair prejudice. Fed.R.Evid. 403.[6] And numerous cases in this circuit add as a gloss on Rule 403 the additional requirement, among others, that such evidence be "clear and convincing." *See, e. g., United States v. Myers*, 550 F.2d 1036, 1044 (5th Cir. 1977); *United States v. Taglione*, 546 F.2d 194, 199 (5th Cir. 1977); *United States v. Pollard*, 509 F.2d 601, 604 (5th Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2419, 44 L.Ed.2d 681 (1975), *and in* 423 U.S. 845, 96 S.Ct. 84, 46 L.Ed.2d 68 (1975).[7]

■ Against this background, it is possible to evaluate appellant Smith's contention that a subsequent acquittal of crime A requires, as a matter of the constitution, invalidation of a conviction of crime AB where evidence of crime A was properly admitted at trial of AB. To accept it would require either that we accord to the acquittal some special power retroactively to render inadmissible evidence formerly offered and properly admitted or that we elevate the standard for admission of such evidence beyond the "clear-and-convincing" gloss presently applied by us in our own affairs. Indeed, accepting the contention would require us to raise the standard for admission of such evidence past even the "beyond-a-reasonable-doubt" standard required for a conviction of the collateral crime, to that level of certainty at which a confident conviction obtains that when a jury is presented the collateral evidence it will in fact *convict* of the collateral crime. In view of the practical power to pardon enjoyed by

4. Such as were given at appellant's trial:

Since the defendant is not on trial before you with reference to such other act or acts of a similar nature, if you believe that he did commit such act or acts, such evidence, if any, is being submitted to you and to be considered by you only and wholly in this case to show absence of mistake or to show identity, motive, intent, a common crime plan system or general pattern of behavior on the part of the defendant and as tending to corroborate any testimony which may have been given in this case tending to establish that the defendant committed the offense as now charged against him, and the evidence relating to such other act or acts may be considered by you, the Jury, for such purposes only, and not for the purpose of finding or determining whether or not the defendant is guilty of such act or acts, if any, other than those constituting the offense with which the defendant is now on trial and charged before you.

The Court instructs you that the defendant is not on trial before you on the alleged act or acts of a similar or related nature, if any, but only on the offenses alleged in the information in this particular case.

5. *See* Fed.R.Evid. 401.

6. Of course, it is only *unfair* prejudice which figures in the balance, since all relevant, adverse evidence is prejudicial of necessity. *See Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, at 618 (5th Cir. 1977).

7. Though some believe the gloss already too heavy at "clear and convincing," *United States v. Beechum*, 555 F.2d 487, 509–14 (5th Cir. 1977) (Gee, J., dissenting), we are aware of no disposition to increase it on the part of anyone—other than appellant.

juries, such a standard could very rarely, if ever, be met. We reject either view as demanded by the constitution.

For as we noted at the outset, neither the considerations of finality and economy which underlie res adjudicata nor those of restraint and discharge which forbid double jeopardy come into play here in Smith's favor. Contrary to his contention, it is precisely the fact that the trial at which he was convicted preceded his rape acquittal which prevents their having application. That a later and different jury chose to acquit Smith of the rape charge for reasons best known to its members does not alter the quality of the evidence of the incident admitted at the earlier trial.[8] Nor, in turn, does its receipt in evidence there prevent Smith's later acquittal from "end[ing] the matter" of his rape charge. *Wingate v. Wainwright*, 464 F.2d at 215.

As for appellant's suggestion that regarding "other crimes" only convictions, or evidence of such a character as to mandate convictions, should be received, we see no occasion for such a rule. The present case is a sensible example why not: that on the evidence presented the jury in the rape trial may have been in reasonable doubt about consent does not mean that the evidence even on this point was not "clear and convincing," let alone as to the presence of Smith on the morning of the assault, presenting himself to various sleeping occupants of a women's dormitory where he had no proper reason to be. Such evidence was clearly relevant and probative in the assault trial, and there is no *constitutional* requirement that relevant and probative evidence of *any* type be subjected to special strictures. Such matters are for legislatures

regulating trial procedures and for the discretion of the trial judge.[9]

AFFIRMED.

GODBOLD, Circuit Judge, concurring in the result only.

---

8. Attempting, with any confidence, to assign reasons for jury actions is unwise. But in view of the arguable overtones of consent or something not far from it—evidence of a post-incident coffee tete-a-tete and the acceptance of a $20 bill by the victim—the jury may have doubted that she was forced.

9. Accepting appellant's contention that only other convictions are admissible would doom Rule 404(b) of the Federal Rules of Evidence, which countenances admission of "other crimes, wrongs or acts" for purposes (some enumerated therein) other than merely blackening defendant's character. And while it is certainly not inconceivable that matter first promulgated by the Court and then enacted by the Congress without significant change should be unconstitutional, such a conclusion is one we would adopt only with caution and on such a clear showing as is notably absent here.