**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter Mac VAN CLEAVE, Defendant-Appellant.**

No. 78–1081.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 25, 1979.

Decided June 18, 1979.

Robert Bruce Collins, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Albuquerque, N. M., on brief), for plaintiff-appellee.

Clyde E. Sullivan, Jr., Albuquerque, N. M., for defendant-appellant.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

Van Cleave was convicted by a jury of transporting in interstate commerce from Dallas, Texas, to Alamogordo, New Mexico, a stolen 1971 White Freightliner tractor, knowing the Freightliner to have been stolen, in violation of 18 U.S.C. § 2312 and 18 U.S.C. § 2. On appeal he urges the following matter: (1) the indictment should have been dismissed on the ground of either double jeopardy or preindictment delay; (2) error at trial in the admission of evidence of other criminal transactions; and (3) inadequate instructions concerning (a) the posses-sion of recently stolen property and (b) the testimony of an accomplice. Finding no reversible error, we affirm.

Van Cleave was first indicted on April 26, 1977. This was a multi-count indictment involving five defendants and twelve vehicles. Van Cleave was a named defendant in only two counts. In one, Van Cleave was charged with the receipt and concealment of a stolen White Western Star vehicle on or about March 1, 1975. In the other count Van Cleave was charged with transporting a stolen 1968 Mack tractor-truck from Lubbock, Texas, to Alamogordo, New Mexico on or about April 27, 1975.

On May 28, 1977, Van Cleave was arrested in Ontario, California driving a 1971 White Freightliner and it is this vehicle which forms the basis for the present prosecution. Van Cleave was returned to the State of New Mexico and in late June, 1977, he was tried, and acquitted, on the charges contained in the indictment previously returned on April 26, 1977.

Two weeks after his acquittal Van Cleave was indicted on charges relating to the 1971 White Freightliner which he was driving at the time of his arrest in Ontario, California. Specifically, in this—the second—indictment Van Cleave was charged in one count with conspiring with one Rusty Zumwalt in April, 1975, to transport in interstate commerce a stolen motor vehicle. The overt acts relied on related to the 1971 White Freightliner tractor. In a second count Van Cleave was charged with the actual transportation of the 1971 White Freightliner from Dallas, Texas, to Alamogordo, New Mexico in April, 1975. The trial court severed the conspiracy charge, and Van Cleave was tried on the substantive count charging the interstate transportation of the stolen 1971 White Freightliner. He was convicted, and the conspiracy charge was later dismissed on motion of the Government. The present appeal seeks reversal of such conviction.

Van Cleave's double jeopardy argument is grounded on the premise that under the Government's theory of the case, Van

Cleave and Zumwalt were a part of a continuing conspiracy to steal trucks and truck-tractors and transport them to Alamogordo, New Mexico, where the vehicles would be repainted and given altered motor vehicle registration numbers. According to counsel, the acquittal of Van Cleave on the charges relating to the White Western Star vehicle and the Mack tractor-truck contained in the first indictment, precludes, under the double jeopardy doctrine, Van Cleave's prosecution on the charge relating to the 1971 White Freightliner contained in the second, and later, indictment.

■ We fail to see the applicability of the doctrine of double jeopardy to the present facts. Each interstate transportation of a stolen vehicle constitutes a separate violation of the statute, even though such may be a part of a common scheme or conspiracy to transport many stolen vehicles across state lines. *United States v. Bennett*, 383 F.2d 398 (6th Cir. 1967), *cert. denied*, 390 U.S. 972, 88 S.Ct. 1077, 19 L.Ed.2d 1184 (1968) and *United States v. Antrobus*, 191 F.2d 969 (3d Cir. 1951), *cert. denied*, 343 U.S. 902, 72 S.Ct. 637, 96 L.Ed. 1321 (1952). Van Cleave was acquitted on the charge of concealment of a stolen White Western Star vehicle and the interstate transportation of a Mack tractor-truck occurring in March and April, 1975. Such fact does not preclude a subsequent prosecution based on the interstate transportation from Dallas, Texas to Alamogordo, New Mexico in April 1975 of the White Freightliner. The latter prosecution not only required different evidence than the first, but it was based on a different transaction. Double jeopardy is not present here. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969) has no application to the present case.

■ The alleged preindictment delay did not warrant dismissal. Under the facts, we fail to perceive any delay. The theft of the White Freightliner and its transportation from Dallas, Texas, to Alamogordo, New Mexico occurred in April, 1975. This particular theft was allegedly a part of a much larger operation. The F.B.I. investigation was an onward and all-encompassing one. Things began to develop more rapidly in early 1976 when Rusty Zumwalt, one of the conspirators, began to talk. He advised the authorities about the theft of the Freightliner in Dallas and of how he and Van Cleave drove the vehicle to Alamogordo, New Mexico, where they repainted the vehicle and restamped it. Surprisingly, the theft of this vehicle was never reported in Dallas, and at the time Zumwalt involved Van Cleave, the whereabouts of the vehicle was unknown. As indicated, the White Freightliner was not recovered until May 28, 1977, when Van Cleave was arrested in Ontario, California. The second indictment was returned on July 6, 1977, about six weeks after Van Cleave was arrested and the stolen White Freightliner recovered. To have indicted Van Cleave before the White Freightliner was recovered would have been premature. We find no delay, and even under Van Cleave's theory of this matter, any delay was non-prejudicial. The requirements of *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) are not met. See in this regard, *United States v. Francisco*, 575 F.2d 815 (10th Cir. 1978) and *United States v. Revada*, 574 F.2d 1047 (10th Cir. 1978).

Van Cleave claims error in the trial court's admission in evidence of certain testimony tending to show that he, Van Cleave, had committed criminal acts other than the one for which he was then on trial. In this connection, the Government's evidence showed that in April, 1975, Rusty Zumwalt stole the 1971 White Freightliner from a used car lot in Dallas, Texas, and that he and Van Cleave then drove the vehicle to Alamogordo, New Mexico. Zumwalt did so as a part of an understanding with Van Cleave, who had previously agreed to repaint and restamp the White Western Star vehicle which Zumwalt had stolen in Florida and driven to Alamogordo, New Mexico. Zumwalt had pleaded guilty to the charge relating to the transportation of the White Western Star vehicle from

Florida to New Mexico. However, as indicated, Van Cleave was acquitted on the charge of receiving and concealing the White Western Star vehicle, and he asserts that it was error to permit evidence of that transaction to be received in his trial concerning the interstate transportation of the White Freightliner from Dallas, Texas to Alamogordo, New Mexico.

To complete the picture on the 1971 White Freightliner, the Government's evidence showed that after transporting the stolen vehicle from Dallas to Alamogordo, Van Cleave and Zumwalt proceeded to repaint the truck and restamp it with altered registration numbers acquired from a wrecked truck which had been purchased for salvage purposes. Van Cleave then used the vehicle in his trucking business, which was conducted in a partnership with a Mr. Johnson. The truck was given as collateral for a loan from a bank, and the latter eventually took possession of the vehicle when the loan went unpaid. Johnson later paid off the loan and took possession of the truck and had title placed in his name. By this time Van Cleave and Johnson had terminated their trucking business and Johnson was using the truck for his own purposes. However, Van Cleave surreptitiously took possession of the vehicle in New Mexico when Johnson's back was turned, using a set of keys which Van Cleave had kept. He later drove the vehicle to Ontario, California, where he was arrested.

It is Van Cleave's position that testimony indicating that Zumwalt stole the 1971 White Freightliner in return for Van Cleave's repainting and restamping of the White Western Star vehicle was inadmissible, particularly in view of the fact that he, Van Cleave, had previously been acquitted of such charge. Complaint is also made concerning the testimony indicating that Van Cleave "stole" the 1971 White Freightliner a second time from his erstwhile business associate, Johnson. We find no error in the receipt of such evidence.

Actually, in our view, we are not here concerned with evidence of "other" transac-

tions. The testimony complained about is an inseparable part of the crime for which Van Cleave was then on trial. Such distinguishes the present case from *United States v. Burkhart*, 458 F.2d 201 (10th Cir. 1972). The motive for the theft in Dallas of the 1971 White Freightliner was Van Cleave's willingness to repaint and restamp the White Western Star vehicle. And it was perfectly proper for the Government to trace the stolen vehicle from the time it was stolen in Dallas, Texas until it was recovered in Ontario, California, which would include Van Cleave's "retaking" the vehicle from his business associate in New Mexico.

The fact that Van Cleave was acquitted on the charge relating to the White Western Star vehicle does not, under the circumstances here disclosed, render inadmissible testimony relating to such incident. Evidence of another crime, otherwise competent, is not necessarily rendered inadmissible by the fact that the accused was acquitted of such charge. *Holt v. United States*, 404 F.2d 914 (10th Cir. 1968), *cert. denied*, 393 U.S. 1086, 89 S.Ct. 872, 21 L.Ed.2d 779 (1969) and *United States v. Feinberg*, 383 F.2d 60, 71 (2d Cir. 1967), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). Evidence concerning the repainting and restamping of the White Western Star vehicle was not introduced for the purpose of retrying Van Cleave on the charge for which he had been acquitted. Rather, it was introduced to prove motive and intent in connection with the theft of the White Freightliner in Dallas, Texas, the charge for which he was then on trial. In short, we believe the evidence complained about is admissible as being an inseparable part of the transaction for which Van Cleave was then on trial. Alternatively, should such be viewed as evidence of "other" transactions, it was still admissible as being evidence which logically tended to show motive, preparation, plan, intent and knowledge, and absence of mistake. Fed.R. Evid. 404(b).

There is no merit in Van Cleave's further contention that the trial court's in-

958

structions concerning the possession of recently stolen property and the testimony of an accomplice were inadequate. Our review of the instructions convinces us that the jury could not have been confused or left without guidance by the trial court's failure to specifically define the term "recently" in the instruction regarding possession of recently stolen property. No such instruction was specifically requested, and under the circumstances, none was required.

The instruction regarding accomplice testimony was in accord with our prior cases. See *United States v. Owens*, 460 F.2d 268 (10th Cir. 1972) and *Butler v. United States*, 408 F.2d 1103 (10th Cir. 1969). The instant case is definitely not one where the Government sought a conviction on the uncorroborated testimony of an accomplice. The Government had a strong case with a great amount of corroborating evidence.

Judgment affirmed.