UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul WYATT, Defendant-Appellant.

No. 83–8789.

United States Court of Appeals,
Eleventh Circuit.

June 11, 1985.

George G. Newman, Detroit, Mich., for defendant-appellant.

Mervyn Hamburg, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before KRAVITCH, CLARK and WRIGHT *, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

## FACTS

Paul Wyatt was convicted by a jury of conspiracy to import marijuana and cocaine (count 2) and conspiracy to possess marijuana and cocaine with intent to distribute (count 3) in violation of 21 U.S.C. §§ 963, 841(a)(1), 952(a).

The prosecution relied principally on the testimony of undercover agent Ray Hammond. Wyatt admitted that he had discussions with Hammond concerning his own desire to participate in the drug conspiracy which he concedes existed. Wyatt asserted in defense that he was acting in his capacity as honorary deputy for the county Sheriff's Department.

He argues that all of his discussions with Hammond and subsequent involvement in the conspiracy were directed toward enticing the conspirators to land a plane laden with marijuana at the Twin Lakes Executive Airpark, a public airstrip run by Mr. Wyatt. Wyatt contends that, pursuant to a prior agreement with Sheriff Gunnells, if he provided information to the Sheriff's Department leading to the seizure of an airplane containing contraband, the proceeds from the sale of the airplane would be used to buy a helicopter. Wyatt would then be retained to maintain and fly the helicopter for the Sheriff's Department. At trial, Sheriff Gunnells corroborated Wyatt's claim about a prior agreement.

To prove Wyatt's intent to participate in the drug conspiracy, the government introduced a judgment of conviction entered upon a plea of nolo contendere to charges of conspiracy to traffic in cocaine in Florida. The government also introduced extensive evidence concerning the facts that underlay the attempted purchase of cocaine from undercover agents in Florida. Wyatt argues on appeal that introduction of that evidence was reversible error.

## ANALYSIS

The government moved pretrial to admit evidence of Wyatt's arrest, plea of nolo contendere, and subsequent conviction on the Florida drug charges. Wyatt objected to the offer as irrelevant and unduly prejudicial. He argued that the nolo plea did not reflect an admission of guilt, but he failed to object to the admission of the plea itself as violative of either Fed.R.Evid. 410 or Fed.R.Crim.P. 11(e)(6). Nor did he object to evidence of the judgment and plea on hearsay grounds.[1] The judge delayed ruling and later admitted the evidence at trial with a proper limiting instruction.

We review the decision to admit the extrinsic act evidence under Fed.R.Evid. 404(b), properly objected to at trial, for "clear abuse of discretion." *United States v. Hewes*, 729 F.2d 1302, 1314 (11th Cir. 1984), *cert. denied*, — U.S. ——, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). We review the remaining evidentiary errors not specifical-

---

* Honorable Eugene A. Wright, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

1. Federal Rule of Evidence 803(22) expressly refrains from exempting "[e]vidence of a final judgment, entered ... upon a plea of nolo contendere" from the otherwise exclusionary effect of Fed.R.Evid. 802.

ly objected to at trial for "plain error" only. Fed.R.Crim.P. 52(b); *United States v. Sans*, 731 F.2d 1521, 1532 (11th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985).

## I. *Admissibility Under 404(b)*

■ Rule 404(b) [2] provides that evidence of crimes or other bad acts is inadmissible to prove character but admissible to prove intent. Fed.R.Evid. 404(b); *United States v. Chilcote*, 724 F.2d 1498, 1502 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 2665, 81 L.Ed.2d 370 (1984). The government must first prove that the defendant actually committed the offense. *United States v. Dothard*, 666 F.2d 498, 502 (11th Cir.1982). However, this presents a jury question "unless the judge becomes convinced that the jury could not reasonably find that the defendant committed the alleged prior offense." *United States v. Byers*, 600 F.2d 1130, 1132 (5th Cir.1979); *Dothard*, 666 F.2d at 502.

The evidence showed that three times on one day Wyatt piloted a plane with three passengers to Vero Beach, Florida, enabling them to negotiate with undercover police officers for the purchase of cocaine. Arresting officers testified that Wyatt was apprehended in the pilot seat, attempting to leave after observing his passengers' arrest. A bag containing $25,000 was found between the pilot's and passengers' seats.

In giving his version of the incident, Wyatt testified that he was an unwitting pilot. That was weakened by inconsistencies in his testimony and there was ample evidence to support a jury finding that Wyatt intentionally participated in the Florida drug venture.

■ Evidence of an extrinsic act still must meet a two-pronged test to be admissible. The act must be relevant to an issue other than character and the probative value must not be substantially outweighed by undue prejudice. *United States v. Beechum*, 582 F.2d 898, 916–17 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); *United States v. Roe*, 670 F.2d 956, 967 (11th Cir. 1982), *cert. denied*, 459 U.S. 856, 103 S.Ct. 126, 74 L.Ed.2d 109 (1983).

### A. *Relevance*

■ When the issue is intent the test for relevance is whether the extrinsic acts and the charged offense require the same type of intent and are close in time. *United States v. Mitchell*, 666 F.2d 1385, 1389 (11th Cir.), *cert. denied*, 457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1340 (1982).

#### 1. *Intent*

Wyatt's intent to engage in the charged drug conspiracy was the central disputed issue. The extrinsic offense, an aborted attempt to purchase cocaine, involved the same type of intent. His participation in the Florida incident is highly relevant to his intent in the charged conspiracy. *See United States v. Corbin*, 734 F.2d 643, 655–56 (11th Cir.1984).

#### 2. *Temporal Proximity*

The Florida incident occurred two months after Wyatt's arrest on these charges. The fact that it occurred after the charged offenses is not dispositive. *United States v. Terebecki*, 692 F.2d 1345, 1349 (11th Cir.1982), *accord United States v. Hines*, 717 F.2d 1481, 1489 (4th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984); *United States v. Bridwell*, 583 F.2d 1135, 1140 (10th Cir. 1978). When the issue is intent, subsequent evidence is often highly probative. *Bridwell*, 583 F.2d at 1140. The district court was well within its discretion in finding relevant the drug conspiracy offense, occurring only two months after Wyatt's prior arrest. *See Terebecki*, 692 F.2d at

---

**2.** Fed.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

1349 (extrinsic offense 15 months after the charged offense not too remote).

### B. *Probative v. Prejudicial*

Finally, the court must determine that the probative value of the evidence is not outweighed by undue prejudice. *Dothard,* 666 F.2d at 502. "This determination lies within the sound discretion of the trial court and calls for a 'commonsense assessment of all the circumstances surrounding the extrinsic offense,' including prosecutorial need, the overall similarity between the extrinsic act and the charged offense, and the temporal proximity of the two." *Id.* at 502–03 (quoting *Beechum,* 582 F.2d at 914–15).

The district judge considered the facts carefully. "The offenses were almost exactly identical; they occurred only [two] months apart; and intent was a critical issue at trial." *United States v. Astling,* 733 F.2d 1446, 1457 (11th Cir.1984). The decision to admit the evidence was well within the court's discretion.

### C. *Effect of Nolo Plea on 404(b) Admissibility*

■ The government could not have used the nolo plea to "prove that [Wyatt] had admitted his guilt by his *plea*" and thereby meet its initial burden of proving the defendant committed the act. *United States v. Williams,* 642 F.2d 136, 139 (5th Cir. Unit B 1981) (emphasis in original). That would violate Fed.R.Evid. 410 and Fed.R.Crim.P. 11(e)(6).

■ The question is whether the plea somehow insulates the underlying facts from admissibility under Fed.R.Evid. 404(b). We hold it does not.

An extrinsic act need not result in criminal liability to be admissible under Rule 404(b). *United States v. Roe,* 670 F.2d at 966; *Beechum,* 582 F.2d at 902 n. 1. The government was not bound to prove that Wyatt "committed the extrinsic offense ... beyond a reasonable doubt." *United States v. Astling,* 733 F.2d at 1457.

Had Wyatt been tried *and* acquitted of the Florida offense after trial in this case, the evidence in that case would still have been admissible. *Smith v. Wainwright,* 568 F.2d 362, 363 (5th Cir.1978).[3] The same result would obtain had Wyatt been arrested but not yet tried, *id.,* or accused but not charged. *See, e.g., United States v. Edwards,* 696 F.2d 1277, 1280 (11th Cir.), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983). Even had Wyatt been arrested but not brought to trial, the evidence would be admissible. *See United States v. Braithwaite,* 709 F.2d 1450, 1455–56 (11th Cir.1983). It would be anomalous to exclude the evidence here because of Wyatt's nolo plea.

We find support for our conclusion in *United States v. Williams,* 642 F.2d at 138–140. There we determined that a conviction based upon a nolo plea was admissible for impeachment purposes under Fed.R.Evid. 609(a), although "[w]ere it pertinent ... the prosecutor could not prove that appellant had admitted his guilt by his *plea.*" *Id.* at 139 (emphasis in original). *See also United States v. Morrow,* 537 F.2d 120, 141 n. 31 (5th Cir.1976) (dictum implied the underlying facts admissible even if plea is not), *cert. denied,* 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977).

The policies behind Fed.R.Evid. 410, 803(22) and Fed.R.Crim.P. 11(e)(6) are sufficiently fostered by precluding the use of the plea to prove guilt. The defendant is in

---

**3.** In *Albert v. Montgomery,* 732 F.2d 865, 869–70 (11th Cir.1984), we applied *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir.1972), and held that prior act evidence is *not* admissible when the defendant was tried and acquitted for the extrinsic act *before* the trial in which the evidence is sought to be admitted. We so held based on concepts of collateral estoppel embodied in the double jeopardy clause, not on an interpretation of Rule 404(b).

Other circuits have allowed the evidence even after a prior acquittal. *See, e.g., United States v. Van Cleave,* 599 F.2d 954, 957 (10th Cir.1979). The rationale is that the prior acquittal may reflect technical defects in the case or the higher (beyond a reasonable doubt) standard of proof. *See generally* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[10] at 404–58 (1982 ed.) (authors characterize this as majority rule).

no way harmed by the plea and compromises are encouraged.[4] The admissibility of the underlying facts is unaffected by the nolo plea.

## II. Objections Not Made at Trial

■ "Plain error" involves a "deficiency" so "obvious and substantial" that "the fairness or integrity of the trial" is affected. *United States v. Granville*, 716 F.2d 819, 821 (11th Cir.1983) (per curiam); *Sans*, 731 F.2d at 1532. We take cognizance of such errors "only in exceptional circumstances to avoid a miscarriage of justice." *United States v. Chaney*, 662 F.2d 1148, 1152 (5th Cir. Unit B 1981) (quoting *Easton v. United States*, 398 F.2d 485, 486 (5th Cir.1958)). This is not such a case.

### A. Hearsay

The judgment of conviction with accompanying notation of the nolo plea was not objected to on hearsay grounds at trial. It is admissible for its probative value. *United States v. Phillips*, 664 F.2d 971, 1026 (5th Cir. Unit B 1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982).

### B. Federal Rules of Evidence 410 and Criminal Procedure 11(e)(6)

Objections on these grounds were not raised at trial. Although the government emphasized the nolo plea and resultant conviction before trial and thereafter before the judge out of the jury's presence, it was not emphasized at trial. Nor was it stressed in closing argument. Viewing the record as a whole, we cannot say the errors "were so rank that they should have been apparent to the trial judge without objection, or ... strike at the fundamental fairness, honesty, or public reputation of the trial." *United States v. Perez*, 651 F.2d 268, 273 (5th Cir.1981).

In *United States v. Graham*, 325 F.2d 922 (6th Cir.1963), the court found plain error when "the district attorney not only told the jury that such a plea [nolo] was an admission of guilt and that the court would so instruct them, but went on to use the circumstances of the plea as the subject of extended and inflammatory argument." *Id.* at 928. The error here is far less egregious.

Wyatt had a full and fair opportunity to explain his version of the Florida incident. The plea was neither emphasized as an admission of guilt in front of the jury nor at closing argument. Had Wyatt preserved error, it may well have been harmless. It certainly did not taint the integrity of the trial.

AFFIRMED.

---

**4.** Rule 410 is designed to promote the "disposition of criminal cases by compromise." Fed.R. Evid. 410, advisory committee note. Rule 410 "gives effect to the principal traditional characteristic of the nolo plea, i.e., avoiding the admission of guilt which is inherent in pleas of guilty." *Id.* Preventing the use of the plea itself promotes these policies without overly hampering prosecution.