902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Warren SETLIFF, Defendant-Appellant.
 No. 89-5400.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 26, 1990.
Decided April 18, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Hiram H. Ward, Senior District Judge. (CR-87-244-01-WS)
 Michael A. Grace, Winston-Salem, N.C., for appellant.
 David F. Tamer, Winston-Salem, N.C.; Robert H. Edmunds, Jr., United States Attorney, Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Pursuant to a plea agreement, Stephen Warren Setliff pleaded guilty in the United States District Court for the Middle District of North Carolina to one count of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. Sec. 846, one count of laundering monetary instruments, in violation of 18 U.S.C. Sec. 1956(a)(1)(B), and one count of unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to 210 months imprisonment to be followed by a three year period of supervised release, and was fined $25,000. Setliff now challenges his sentence, arguing that the district court erred in increasing his offense level under the sentencing guidelines for possession of firearms during commission of the charged offenses when pursuant to the plea agreement the firearms count of his indictment had been dismissed. He also maintains that the government violated the plea agreement by arguing to the court that the assistance he rendered the prosecution was inadequate to justify a downward departure. Finding no merit in either of these contentions, we affirm.
 
 
 2
 First, the district court did not err in increasing Setliff's offense level two levels for possession of firearms during the commission of his offenses. Section 2D1.1(b) of the guidelines provides that "[i]f a firearm or other dangerous weapon was possessed during commission of the [drug-related] offense, increase by 2 levels." The commentary to this section directs that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Guideline Sec. 2D1.1, Commentary, Application Note 3; see also United States v. Baker, 883 F.2d 13, 16 (5th Cir.1989). The defendant has the burden of showing that the firearm was not connected to the drug offense. See United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989).
 
 
 3
 Here, Setliff admitted to ownership of weapons found in a search of his residence and his lockers at a local club, and to the use of weapons to provide security for his cocaine operation. Moreover, the government in no way violated its plea agreement by allowing information concerning Setliff's use of weapons to be contained in the presentence report, since the government promised Setliff only that the firearms count of the indictment would be dismissed and not that his use of firearms would not be considered in sentencing. Finally, Setliff's counsel specifically stated at the sentencing hearing that he had no objection to the presentence report, and the district court's consideration of the material in the report cannot be considered plain error. See United States v. Wyatt, 762 F.2d 908, 912 (11th Cir.1985).
 
 
 4
 Second, the government did not violate the terms of the plea agreement by arguing against a downward departure for substantial assistance. Pursuant to the agreement, the government agreed to submit a certificate of substantial assistance under Sec. 5K1.1 of the sentencing guidelines, but "reserve[d] the right to bring to the court's attention any facts deemed relevant concerning the extent and utility of the defendant's assistance." The government fully complied with the agreement. On August 5, 1988, it filed a "Guidelines Sec. 5K1.1 Motion" with the court in which it informed the court that Setliff had made an effort to provide substantial assistance in the investigation of other persons indicted for drug offenses. The government also noted in its motion, however, that it would oppose a downward departure because Setliff had written letters to certain co-defendants requesting that they shape their testimony to place more responsibility on one co-defendant in particular, and thus had damaged his credibility as a potential witness. In addition, the government also opposed a downward departure because Setliff had conspired to escape from prison while in custody and awaiting sentencing on the instant offenses. We find no breach of the plea agreement in the government's opposition to a downward departure. The district court acted within its discretion in refusing to grant the downward departure. See Sentencing Guidelines Sec. 5K1.1.
 
 The judgment of the district court is
 
 5
 AFFIRMED.