[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15389
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00100-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT FLOWERS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 29, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Albert Flowers, Jr., appeals his conviction for wire fraud, which was based on claims he submitted to the Gulf Coast Claim Facility (GCCF) in connection with the Deepwater Horizon oil spill.  On appeal, Flowers argues that the district court abused its discretion by admitting his prior Florida unemployment-fraud conviction into evidence at his trial.  According to Flowers, the prior conviction was not admissible as evidence to show that he admitted guilt because he pleaded nolo contendere.  Although the district court agreed that the plea itself was inadmissible, it determined that the underlying facts as well as the judgment of conviction itself were admissible under Federal Rule of Evidence 404(b).

A jury convicted Flowers for wire fraud after determining that he defrauded the GCCF by, among other things, filing a claim in the name of a lawn service (Flowers Clean Up Service) that never existed.  Before trial, the government filed a motion in limine to admit evidence of Flowers's prior conviction for unemployment fraud.  The government argued that evidence that Flowers collected unemployment benefits to which he was not entitled was admissible because it was intrinsic to his wire-fraud offense, which involved the omission of sources of income from his GCCF claims.  Further, the government argued that Flowers's receipt of unemployment benefits was relevant to prove that the lawn service for which he filed a GCCF claim did not exist.  Flowers conceded that evidence of the underlying acts that led to his unemployment-fraud conviction were admissible; he

2

only challenged the omission of the actual *judgment of conviction* itself, which came after his nolo contendere plea.  Flowers argued that *the judgment* was inadmissible because:  (1) it could not be used as an admission of guilt; (2) the evidence was cumulative, as the government could bring in the underlying facts that led to the conviction; and (3) the probative value of the judgment was substantially outweighed by its prejudicial value.  The district court disagreed and admitted the document containing both Flowers's conviction and the nolo contendere plea.  The district court instructed the jury that they were required to disregard the conviction if they were not convinced that Flowers acted with intent to deceive in the unemployment-fraud case.  However, if they were convinced that Flowers intended to deceive in the unemployment-fraud conviction, they could consider "the fact of the 2013 conviction for unemployment fraud when deciding whether the government has proven in this case that [Flowers] had the state of mind or intent necessary to commit the crime charged in this case."[1]

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000).

We doubt that the probative value of the judgment reflecting Flowers's prior unemployment-fraud conviction outweighs the substantial risk of undue prejudice. As we have stated, a plea of nolo contendere "admits nothing" for purposes of

---

[1] The district court gave similar instructions before the jury began deliberations.

3

subsequent proceedings. *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. 1981).[2] And as we stated long ago in *Mickler v. Fahs*, 243 F.2d 515 (5th Cir. 1957): "A plea of nolo contendere is a mere statement of unwillingness to contest and no more. It is not receivable in another proceeding as evidence of guilt." *Id.* at 517. Indeed, "the rule in the [Eleventh] Circuit generally forbids the use of a plea of nolo contendere for the purposes of impeachment or to show knowledge or intent in a proceeding different from that where the plea was offered." *United States v. Morrow*, 537 F.2d 120, 142 (5th Cir. 1976). In *United States v. Wyatt*, 762 F.2d 908 (11th Cir. 1985), for example, we held that the nolo contendere plea did not protect the facts underlying the prior conviction from admission, but that the "government could not have used the nolo plea to prove that [the defendant] had admitted his guilt by his plea and thereby meet the initial burden of proving the defendant committed the act." *Id.* at 911 (internal quotation marks omitted).

In any event, we need not ultimately decide whether the admission of the judgment of Flowers's prior unemployment-fraud conviction as evidence to show that he committed wire fraud amounted to an abuse of discretion, because any such error was harmless. We will not reverse a district court's erroneous evidentiary ruling if the error was harmless. *United States v. Bradley*, 644 F.3d 1213, 1270

---

[2] *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

(11th Cir. 2011). An error is harmful if, in light of the record as a whole, the error may have substantially influenced the outcome of the proceeding. *Id.* That is not the case here. Even though evidence reflecting the unemployment-fraud conviction may have been inadmissible, there is overwhelming evidence of wire fraud in this record—the government presented more than sufficient evidence for the jury to conclude that Flowers Clean Up Service never existed, and to infer that Flowers had the intent to defraud GCCF. Flowers has not demonstrated that the judgment of his prior unemployment-fraud conviction substantially influenced the outcome of his trial. Therefore, we affirm his conviction.

**AFFIRMED.**